# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: <u>1:24−cv−00020−LM−AJ</u>

| | |
|---|---|
| Jorgensen et al v. NH Secretary of State et al | Date Filed: 01/22/2024 |
| Assigned to: Chief Judge Landya B. McCafferty | Jury Demand: None |
| Referred to: US Magistrate Judge Andrea K Johnstone | Nature of Suit: 441 Civil Rights: Voting |
| Cause: 28:1983 Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**Patricia Jorgensen**
*individually and as Vice−Chair of the*
*Merrimack County Republican*
*Committee (MCRC)*
*TERMINATED: 02/15/2024*

represented by **Patricia Jorgensen**
26 Twin Bridge Road
Northfield, NH 03276
774 218−5707
PRO SE

**Plaintiff**

**David Testerman**
*NH State Representative, Merrimack*
*County District 03*

represented by **David Testerman**
9 Stone Avenue
Franklin, NH 03235
603 320−9524
PRO SE

**Plaintiff**

**Nikki McCarter**
*NH State Representative, Belknap County*
*District 08*
*TERMINATED: 02/15/2024*

represented by **Nikki McCarter**
107 North Main Street
Concord, NH 03301
603 303−8934
PRO SE

**Plaintiff**

**Karen Testerman**
*individually and as Chair of NH*
*Merrimack County Republican*
*Committee (MCRC)*

represented by **Karen Testerman**
9 Stone Avenue
Franklin, NH 03235
603 934−7111
Email: <u>karen@karentesterman.com</u>
PRO SE

V.

**Defendant**

**NH Secretary of State**
*other*
David Scanlan

represented by **Brendan Avery O'Donnell**
NH Department of Justice (Concord)
33 Capitol St
Concord, NH 03301
603−271−3650
Fax: 603−271−2110

Email: brendan.a.odonnell@doj.nh.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **NH Republican State Committee** | represented by | **Bryan K. Gould** |
| *other* | | Cleveland Waters & Bass PA |
| Chris Ager | | Two Capital Plaza |
| | | PO Box 1137 |
| | | Concord, NH 03302−1137 |
| | | 603 224−7761 |
| | | Email: gouldb@cwbpa.com |
| | | *TERMINATED: 04/18/2024* |

**Demetrio F. Aspiras , III**
Drummond Woodsum
670 N Commercial St, Ste 207
Manchester, NH 03101−1845
603−792−7414
Fax: 603−716−2899
Email: daspiras@dwmlaw.com
*ATTORNEY TO BE NOTICED*

**Jacob Rhodes**
Cleveland Waters & Bass PA
Two Capital Plaza
PO Box 1137
Concord, NH 03302−1137
603−224−7761
Email: rhodesj@cwbpa.com
*TERMINATED: 04/18/2024*

**Mark V. Franco**
Drummond Woodsum
84 Marginal Way, Ste 600
Portland, ME 04101
207 772−1941
Email: mfranco@dwmlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/22/2024 | 1 | COMPLAINT for Declaratory and Injunctive Relief against NH Republican State Committee, NH Secretary of State (Filing fee $ 405 receipt number 1184) filed by Karen Testerman, Patricia Jorgensen, Nikki McCarter, David Testerman. (Attachments: # 1 Exhibits, # 2 Civil Cover Sheet, # 3 Summonses)(ed) (Entered: 01/22/2024) |
| 01/22/2024 | 2 | Emergency Motion for Injunctive Relief filed by Patricia Jorgensen, Nikki McCarter, David Testerman, Karen Testerman.(ed) (Entered: 01/22/2024) |
| 01/22/2024 | | Case assigned to Chief Judge Landya B. McCafferty and US Magistrate Judge Andrea K Johnstone. The case designation is: 1:24−cv−20−LM−AJ. Please show this number |

| | | |
|---|---|---|
| | | with the judge designation on all future pleadings. (ed) (Entered: 01/22/2024) |
| 01/22/2024 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (ed) (Entered: 01/22/2024) |
| 01/22/2024 | 3 | Summonses issued in hand to Karen Testerman as to NH Republican State Committee, NH Secretary of State. **Counsel shall serve all documents in accordance with Fed. R. Civ. P. 4.** (Attachments: # 1 Notice ECF)(ed) (Entered: 01/22/2024) |
| 01/22/2024 | 4 | **ORDER denying without prejudice 2 Motion for Preliminary Injunction. So Ordered by Chief Judge Landya B. McCafferty.(vln)** (Entered: 01/22/2024) |
| 01/23/2024 | 5 | Second MOTION for Injunctive Relief, filed by Patricia Jorgensen. Follow up on Objection on 2/6/2024. (Attachments: # 1 Proof of Service)(vln) (Entered: 01/23/2024) |
| 01/23/2024 | 6 | Motion to Participate in Electronic Filing filed by Karen Testerman.(vln) (Entered: 01/23/2024) |
| 01/23/2024 | 7 | **ORDER denying 5 Motion for Injunctive Relief. So Ordered by Chief Judge Landya B. McCafferty.(vln)** (Entered: 01/23/2024) |
| 01/24/2024 | | **ENDORSED ORDER granting 6 Motion to Participate in Electronic Filing. *Text of Order: Granted.* So Ordered by US Magistrate Judge Andrea K Johnstone.(vln)** (Entered: 01/24/2024) |
| 02/01/2024 | 8 | NOTICE of Attorney Appearance by Bryan K. Gould on behalf of NH Republican State Committee Attorney Bryan K. Gould added to party NH Republican State Committee(pty:dft).(Gould, Bryan) (Entered: 02/01/2024) |
| 02/01/2024 | 9 | NOTICE of Attorney Appearance by Jacob Rhodes on behalf of NH Republican State Committee Attorney Jacob Rhodes added to party NH Republican State Committee(pty:dft).(Rhodes, Jacob) (Entered: 02/01/2024) |
| 02/02/2024 | 10 | NOTICE of Attorney Appearance by Brendan Avery O'Donnell on behalf of NH Secretary of State Attorney Brendan Avery O'Donnell added to party NH Secretary of State(pty:dft).(O'Donnell, Brendan) (Entered: 02/02/2024) |
| 02/02/2024 | 11 | MOTION to Dismiss filed by NH Secretary of State.Follow up on Objection on 2/16/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(O'Donnell, Brendan) (Entered: 02/02/2024) |
| 02/02/2024 | 12 | NOTICE of Attorney Appearance by Jacob Rhodes on behalf of NH Republican State Committee *Corrected–replaces Doc.9* (Rhodes, Jacob) (Entered: 02/02/2024) |
| 02/02/2024 | 13 | NOTICE of Attorney Appearance by Bryan K. Gould on behalf of NH Republican State Committee *Corrected–replaces Doc. 8* (Gould, Bryan) (Entered: 02/02/2024) |
| 02/02/2024 | 14 | MOTION for Joinder re: 11 MOTION to Dismiss filed by NH Republican State Committee.Follow up on Objection on 2/16/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Rhodes, Jacob) (Entered: 02/02/2024) |

| 02/02/2024 | 15 | Partially Assented to MOTION for Hearing *(Status Conference)* filed by NH Republican State Committee. **HEARING REQUESTED.**Follow up on Objection on 2/16/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit A−Email Thread Jan. 26−27, 2024, # 2 Exhibit B−Email dated Jan. 26, 2024)(Rhodes, Jacob) (Entered: 02/02/2024) |
|---|---|---|
| 02/02/2024 | 16 | MOTION to Correct Docket filed by Karen Testerman.Follow up on Objection on 2/16/2024. (vln) (Entered: 02/05/2024) |
| 02/05/2024 | 17 | OBJECTION to 11 MOTION to Dismiss filed by Patricia Jorgensen, Nikki McCarter, David Testerman, Karen Testerman. Follow up on Reply on 2/12/2024. (vln) (Entered: 02/05/2024) |
| 02/05/2024 | 18 | NOTICE of Assent to 15 Partially Assented to MOTION for Hearing (Status Conference) by Patricia Jorgensen, Nikki McCarter, David Testerman, Karen Testerman.(vln) (Entered: 02/05/2024) |
| 02/12/2024 | 19 | RESPONSE to Motion re 16 MOTION to Correct Docket filed by NH Republican State Committee. (Rhodes, Jacob) (Entered: 02/12/2024) |
| 02/12/2024 | 20 | REPLY to Objection to Motion re 11 MOTION to Dismiss filed by NH Republican State Committee. Surreply due by 2/20/2024. (Rhodes, Jacob) (Entered: 02/12/2024) |
| 02/12/2024 | 21 | RESPONSE re 18 Notice (Other) *(Response to Assent to Motion for Status Conference)* filed by NH Republican State Committee. (Rhodes, Jacob) (Entered: 02/12/2024) |
| 02/13/2024 | 24 | MOTION to Withdraw filed by Patricia Jorgensen.(vln) (Entered: 02/14/2024) |
| 02/14/2024 | 22 | Assented to MOTION to Withdraw or Dismiss Pro Se Plaintiff, filed by Nikki McCarter.(vln) (Entered: 02/14/2024) |
| 02/14/2024 | 23 | OBJECTION to 14 MOTION for Joinder re: 11 MOTION to Dismiss filed by Karen Testerman. Follow up on Reply on 2/21/2024. (vln) (Entered: 02/14/2024) |
| 02/15/2024 | | ***///ENDORSED ORDER granting 22 Motion to Dismiss, 24 Motion to Withdraw. Text of Order: Granted. So Ordered by US Magistrate Judge Andrea K Johnstone.(vln)*** (Entered: 02/15/2024) |
| 02/16/2024 | | **ENDORSED ORDER denying 15 Motion for Status Conference. *Text of Order: Defendant's Motion for Status Conference (15) is denied. The parties' filings suggest that there is a substantive dispute that cannot be resolved in a status conference. This denial is without prejudice to future requests, as appropriate, following the court's resolution of the pending dispositive motions.* So Ordered by US Magistrate Judge Andrea K Johnstone.(vln)** (Entered: 02/20/2024) |
| 02/21/2024 | 25 | MOTION for Leave to File Reply to Plaintiffs' Combined Response and Objection filed by NH Republican State Committee.Follow up on Objection on 3/6/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit A−Proposed Reply to Pltfs' Combined Response & Objection)(Rhodes, Jacob) (Entered: 02/21/2024) |
| 02/22/2024 | 27 | OBJECTION to 25 MOTION for Leave to File Reply to Plaintiffs' Combined Response and Objection , filed by David Testerman, Karen Testerman. (vln) (Entered: 02/28/2024) |
| 02/28/2024 | 26 | |

| | | |
|---|---|---|
| | | **PROCEDURAL ORDER. On or before March 8, 2024, the plaintiffs shall clarify whether they intend to sue only Mr. Ager individually or whether they intend to sue Mr. Ager individually and in his official capacity as chair of the NHRSC. So Ordered by US Magistrate Judge Andrea K Johnstone.**(vln) (Entered: 02/28/2024) |
| 03/04/2024 | 28 | NOTICE of Notice of Clarification *per Procedural Order Doc. No. 26* by Karen Testerman.(Testerman, Karen) (Entered: 03/04/2024) |
| 03/20/2024 | 29 | NOTICE of Attorney Appearance by Mark V. Franco on behalf of NH Republican State Committee Attorney Mark V. Franco added to party NH Republican State Committee(pty:dft).(Franco, Mark) (Entered: 03/20/2024) |
| 03/20/2024 | 30 | NOTICE of Attorney Appearance by Demetrio F. Aspiras, III on behalf of NH Republican State Committee Attorney Demetrio F. Aspiras, III added to party NH Republican State Committee(pty:dft).(Aspiras, Demetrio) (Entered: 03/20/2024) |
| 03/20/2024 | 31 | MOTION to Amend *Complaint* filed by David Testerman, Karen Testerman.Follow up on Objection on 4/3/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit First Amended Verified Complaint)(Testerman, Karen) (Entered: 03/20/2024) |
| 04/03/2024 | 32 | OBJECTION to 31 MOTION to Amend *Complaint* filed by NH Republican State Committee. Follow up on Reply on 4/10/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Aspiras, Demetrio) (Entered: 04/03/2024) |
| 04/03/2024 | 33 | OBJECTION to 31 MOTION to Amend *Complaint* filed by NH Secretary of State. Follow up on Reply on 4/10/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (O'Donnell, Brendan) (Entered: 04/03/2024) |
| 04/04/2024 | | **ENDORSED ORDER granting 25 Motion for Leave to File Reply to Plaintiffs' Combined Response and Objection. *Text of Order: Granted. Within 48 hours counsel shall electronically refile the pleading attached to the Motion for Leave to File using the appropriate event in CMECF.* So Ordered by US Magistrate Judge Andrea K Johnstone.**(vln) (Entered: 04/04/2024) |
| 04/04/2024 | 34 | REPLY to Objection to Motion re 14 MOTION for Joinder re: 11 MOTION to Dismiss , 16 MOTION to Correct Docket filed by NH Republican State Committee. Surreply due by 4/9/2024. (Rhodes, Jacob) (Entered: 04/04/2024) |
| 04/15/2024 | | **ENDORSED ORDER granting 14 Motion for Joinder re 11 Motion to Dismiss ; denying 16 Motion to Correct Docket. So Ordered by US Magistrate Judge Andrea K Johnstone.**(vln) (Entered: 04/15/2024) |
| 04/16/2024 | 35 | MOTION for Jacob Rhodes and Bryan Gould to Withdraw as Attorney filed by NH Republican State Committee.Follow up on Objection on 4/30/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Rhodes, Jacob) (Entered: 04/16/2024) |
| 04/17/2024 | | Notice of ASSENT by Testerman as to 35 MOTION for Jacob Rhodes and Bryan Gould to Withdraw as Attorney .(Testerman, Karen) (Entered: 04/17/2024) |
| 04/17/2024 | 36 | NOTICE of No Objection to Withdrawal of Defense Counsel *Cleveland, Waters and Bass, P.A.* by Karen Testerman.(Testerman, Karen) (Entered: 04/17/2024) |

| | | |
|---|---|---|
| 04/18/2024 | | **ENDORSED ORDER granting <u>35</u> Motion for Jacob Rhodes and Bryan Gould to Withdraw as Attorney.** *Text of Order: Granted.* **So Ordered by US Magistrate Judge Andrea K Johnstone.(vln)** (Entered: 04/18/2024) |
| 04/22/2024 | <u>37</u> | AMENDED COMPLAINT against All Defendants filed by Karen Testerman.(Testerman, Karen) (Entered: 04/22/2024) |
| 05/16/2024 | <u>38</u> | MOTION for Default as to Co–Defendants Pursuant to Rule 55(a) of the FRCP filed by Karen Testerman.Follow up on Objection on 5/30/2024. (Attachments: # <u>1</u> Declaration)(vln) (Entered: 05/20/2024) |
| 05/17/2024 | | NOTICE re: <u>31</u> MOTION to Amend *Complaint* Motion Hearing set for 5/30/2024 02:00 PM before US Magistrate Judge Andrea K Johnstone. (bd) (Entered: 05/17/2024) |
| 05/23/2024 | | **ENDORSED ORDER denying <u>38</u> Motion for Default.** *Text of Order: Plaintiffs Motion for Default (38) is DENIED. Plaintiffs' motion is premised on the following assertions: 1) that the court granted their Motion for Leave to File an Amended Complaint (31) in an Endorsed Order dated April 4, 2024, after which 2) they filed their amended complaint (37), to which 3) the defendants failed to timely respond. See Pltf. Mot. (38) 1–2, 4. The plaintiff's motion is inaccurate in several important respects. First, the plaintiffs' motion misidentifies their Motion for Leave to Amend as ECF No. 25. Id. 1. The plaintiffs Motion for Leave to Amend is ECF No. 31. ECF No. 25 is the defendants Motion for Leave to File a reply brief with respect to a motion, filed by the defendants, unrelated to amending the complaint. Next, the courts April 4, 2024 Endorsed Order, upon which the plaintiffs rely, is clearly unrelated to the plaintiffs' proposed amended complaint. That Order states explicitly that the court is granting defendants' Motion for Leave (25). It says nothing about plaintiffs' proposed amendment. That, in turn, makes the plaintiffs filing of their Amended Complaint on April 22, 2024 (37) improper, as their motion for leave to do so had not (and has not) been granted. As a result, given that the Amended Complaint was improperly filed before leave to do so had been granted, the court finds that the defendants are not in default. So Ordered by US Magistrate Judge Andrea K Johnstone.(vln)* (Entered: 05/23/2024) |
| 05/30/2024 | | Minute Entry for proceedings held before US Magistrate Judge Andrea K Johnstone. MOTION HEARING held on 5/30/2024 re: <u>31</u> MOTION to Amend *Complaint*. Motion is taken under advisement. (Court Reporter: Brenda Hancock) (Pltfs Atty: David Testerman, Karen Testerman) (Defts Atty: Brendan Avery O'Donnell, Demetrio F. Aspiras, III)(Total Hearing Time: 1:05 min) (bd) (Entered: 05/30/2024) |
| 06/14/2024 | <u>39</u> | TRANSCRIPT of Proceedings for Motion Hearing held on May 30, 2024. Court Reporter: Brenda Hancock, Telephone # 603–225–1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 7/5/2024. Redacted Transcript Follow Up 7/15/2024. Release of Transcript Restriction set for 9/12/2024.(vln) (Entered: 06/14/2024) |

| 07/19/2024 | 40 | MOTION for Preliminary Injunction filed by David Testerman, Karen Testerman. **HEARING REQUESTED.**Follow up on Objection on 8/2/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Proposed Order)(Testerman, Karen) (Entered: 07/19/2024) |
|---|---|---|
| 08/01/2024 | 41 | OBJECTION to 40 MOTION for Preliminary Injunction *(Third)* filed by NH Republican State Committee. Follow up on Reply on 8/8/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Aspiras, Demetrio) (Entered: 08/01/2024) |
| 08/02/2024 | 42 | REPLY to Objection to Motion re 40 MOTION for Preliminary Injunction *and Request for Expedited Hearing* filed by David Testerman, Karen Testerman. Surreply due by 8/7/2024. (Testerman, Karen) (Entered: 08/02/2024) |
| 08/02/2024 | 43 | OBJECTION to 40 MOTION for Preliminary Injunction filed by NH Secretary of State. Follow up on Reply on 8/9/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (O'Donnell, Brendan) (Entered: 08/02/2024) |
| 08/02/2024 | 44 | REPLY to Objection to Motion re 40 MOTION for Preliminary Injunction *for Sec'y of State and Request for Expedited Hearing* filed by David Testerman, Karen Testerman. Surreply due by 8/7/2024. (Testerman, Karen) (Entered: 08/02/2024) |
| 08/14/2024 | 45 | **REPORT AND RECOMMENDATION** *: Based on the foregoing, plaintiffs' motion to amend (Doc. No. 31) should be denied on the basis of futility. As a result, the original complaint (Doc. No. 1) remains the operative complaint in this matter. In addition, the defendants' motions to dismiss (Doc. Nos. 11 and 14) should be denied without prejudice to refiling.* **Follow up on Objections to R&R on 8/28/2024. So Ordered by US Magistrate Judge Andrea K Johnstone.**(vln) (Entered: 08/14/2024) |
| 08/14/2024 | 46 | **PROCEDURAL ORDER: PRELIMINARY INJUNCTION HEARING.**<br><br>The preliminary injunction hearing in this case will be held on September 6, 2024, at 11:00 AM before US Magistrate Judge Andrea K Johnstone.<br><br>So Ordered by US Magistrate Judge Andrea K Johnstone.(vln)<br><br>(Entered: 08/14/2024) |
| 08/28/2024 | 47 | Objection to Magistrate Judge's Decision (Rule 72(a)) re 45 Report and Recommendation,,, filed by David Testerman, Karen Testerman.Follow up on Objection on 9/11/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Testerman, Karen) (Entered: 08/28/2024) |
| 08/29/2024 | 48 | REPLY to Objection to Motion re 47 Objection to Magistrate Judge's Decision (Rule 72(a)) re 45 Report and Recommendation,,, filed by NH Secretary of State. Surreply due by 9/3/2024. (O'Donnell, Brendan) (Entered: 08/29/2024) |
| 08/29/2024 |  | **ENDORSED ORDER** *: Text of Order: After due consideration of plaintiffs' objection (* 47 *), I herewith approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated August 14, 2024 (* 45 *). The cases cited by the plaintiffs in their objection do not support their argument that they have standing to assert the claims in the proposed amended complaint. The court therefore denies* |

| | | |
|---|---|---|
| | | *plaintiffs motion to amend (**31**). The original complaint (**1**) remains the operative document. In addition, defendants motions to dismiss (**11** and **14**) are denied without prejudice to refiling and updating as necessary.* **So Ordered by Chief Judge Landya B. McCafferty.(vln)** (Entered: 08/29/2024) |
| 08/30/2024 | 49 | MOTION to Dismiss *Renewed* filed by NH Secretary of State.Follow up on Objection on 9/13/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(O'Donnell, Brendan) (Entered: 08/30/2024) |
| 08/30/2024 | 50 | STATUS REPORT by NH Secretary of State : Submission of Joint Statement of Agreed Facts requires additional time(O'Donnell, Brendan) (Entered: 08/30/2024) |
| 09/03/2024 | 51 | Proposed Findings of Fact and Rulings of Law by NH Secretary of State(O'Donnell, Brendan) (Entered: 09/03/2024) |
| 09/03/2024 | 52 | Final Witness List *and Exhibits List* by David Testerman, Karen Testerman. (Testerman, Karen) (Entered: 09/03/2024) |
| 09/03/2024 | 53 | Request for Findings of Fact and Rulings of Law by David Testerman, Karen Testerman. (Testerman, Karen) (Entered: 09/03/2024) |
| 09/04/2024 | 54 | Proposed Statement of Undisputed Facts(Testerman, Karen) Modified on 9/4/2024 to remove "SSA Material" (vln). (Entered: 09/04/2024) |
| 09/04/2024 | 55 | MOTION to Dismiss filed by NH Republican State Committee.Follow up on Objection on 9/18/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law in Support of Motion to Dismiss)(Aspiras, Demetrio) (Entered: 09/04/2024) |
| 09/05/2024 | 56 | Timeline of Events by David Testerman, Karen Testerman(Testerman, Karen) (Entered: 09/05/2024) |
| 09/05/2024 | 57 | Proposed Order by David Testerman, Karen Testerman(Testerman, Karen) (Entered: 09/05/2024) |
| 09/05/2024 | 58 | AFFIDAVIT *Witness Lynn Briggs* filed by David Testerman, Karen Testerman (Attachments: # 1 Exhibit (Affidavit) Briggs Affidavit Exhibit A)(Testerman, Karen) (Entered: 09/05/2024) |
| 09/06/2024 | | Minute Entry for proceedings held before US Magistrate Judge Andrea K Johnstone. EVIDENTIARY HEARING held on 9/6/2024 re: Preliminary Injunction. Report and recommendation to issue. (Court Reporter: Liza Dubois) (Pltfs Atty: Karen Testerman, Pro Se; David Testerman, Pro Se) (Defts Atty: Brendan O'Donnell, Demetrio Aspiras, III)(Total Hearing Time: 1 hr. 5 min.) (kad) (Entered: 09/06/2024) |
| 09/06/2024 | 59 | Exhibit List re: 9/6/2024 Evidentiary Hearing by David Testerman, Karen Testerman(kad) (Additional attachment(s) added on 9/6/2024: # 1 Final Exhibit List) (kad). Modified on 9/6/2024 to add Final Exhibit List. (kad). (Entered: 09/06/2024) |
| 09/06/2024 | 60 | NOTICE OF INTERLOCUTORY APPEAL *and Expedited Hearing* by David Testerman, Karen Testerman.(Filing fee $ 605, receipt number ANHDC−2549570.) [NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the Forms & Notices section of the First Circuit website at www.ca1.uscourts.gov, MUST be completed and submitted to the U.S. Court of Appeals for the First Circuit.] (Testerman, Karen) (Entered: 09/06/2024) |

| 09/06/2024 | 61 | **REPORT AND RECOMMENDATION re 40 Motion for Preliminary Injunction. Based on the foregoing, the district judge should deny plaintiffs' third emergency motion for injunctive relief. (Doc. No. 40). Follow up on Objections to R&R on 9/20/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). So Ordered by US Magistrate Judge Andrea K Johnstone.(de)** (Entered: 09/06/2024) |
| 09/07/2024 | 62 | Appeal Cover Sheet as to 60 Notice of Interlocutory Appeal filed by Karen Testerman, David Testerman. (de) (Entered: 09/07/2024) |
| 09/07/2024 | 63 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals documents numbered 62,61,60, minute entry 9/6 re 60 Notice of Interlocutory Appeal. (de) (Entered: 09/07/2024) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

APPEAL COVER SHEET

1.     USDC/NH Case No. 24-cv-20-LM-AJ

2.     TITLE OF CASE: Jorgensen et al. v. NH Secretary of State et al.

3.     TYPE OF CASE: Civil

4.     NAME OF APPELLANT(S) & COUNSEL FOR APPELLANT(S):
       See certified copy of docket (ECF registered users not provided with a copy of docket)

5.     NAME OF APPELLEE(S) & COUNSEL FOR APPELLEE(S):
       See certified copy of docket (ECF registered users not provided with a copy of docket)

6.     NAME OF JUDGE: Magistrate Judge Johnstone

7.     DATE OF JUDGMENT OR ORDER ON APPEAL: **September 6, 2024**

8.     DATE OF NOTICE OF APPEAL: **September 6, 2024**

9.     FEE PAID or IFP :YES

10.    COURT APPOINTED COUNSEL: Not Applicable

11.    COURT REPORTER(S):   and DATES: Brenda Hancock (5/30/24);Liza Dubois (9/6/24)

12.    TRANSCRIPTS ORDERED/ON FILE: YES

13.    HEARING/TRIAL EXHIBITS: YES

14.    MOTIONS PENDING: YES

15.    GUIDELINES CASE: Not Applicable

16.    RELATED CASES or CROSS APPEAL:

17.    SPECIAL COMMENTS: **Interlocutory/Emergency**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jorgensen et al.

    v.                                 No. 24-cv-20-LM-AJ

NH Secretary of State et al.


CLERK'S CERTIFICATE TO
<u>CIRCUIT COURT OF APPEALS</u>

     I, Donna Esposito, Deputy Clerk of the United States District Court for the District of New Hampshire, do hereby certify that the following documents constitute the record on appeal to the First Circuit Court of Appeals:

     DOCUMENTS NUMBERED: 62, 61, 60, 9/6 minute entry

     The Clerk's Office hereby certifies the record and docket sheet available through ECF to be the certified record and the certified copy of the docket entries.


IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Court, at Concord, in said District, on this day, September 7, 2024

F CP KGN'L0N| PEJ , Clerk

By: /s/ Donna Esposito, Deputy Clerk

Sep 07, 2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

JORGENSEN, ET AL.

                                        PLAINTIFF(S),

v.

                                Case No.  **1:24-cv-00020-LM-AJ**

NH SECRETARY OF STATE, ET AL,

                                        DEFENDANT(S).

---

### EMERGENCY MOTION AND APPLICATION FOR LEAVE TO BRING AN INTERLOCUTORY APPEAL OF THIS COURT'S EVIDENTIARY HEARING DATED SEPTEMBER 6, 2024

NOW COMES Republican primary voters Karen Testerman and NH state Representative David Testerman, (the "Plaintiffs"), in the above captioned matter, pursuant to 28 U.S.C. § 1292(b), and respectfully asks this Court for leave to file an interlocutory appeal of the Court's evidentiary hearing on September 6, 2024, for the following reasons:

1.      On July 18, 2024, the plaintiffs filed for their Third request for injunctive relief, and expedited hearing, well in advance of the anticipated state primary election on September 6, 2024.  ECF 40.

2.      On August 14, 2024, U.S. Magistrate Judge Andrea K. Johnstone issued a procedural order for a preliminary injunctive hearing to be held on September 6, 2024.  Order, dated 08/14/2024, ECF 46.

3.      Among other things, the court instructed the parties to assembly: a single timeline; a single statement of agreed facts; a witness list; and exhibits list; a proposed Findings of Fact and Rulings of Law; and a proposed order.  Id.

4.     At the hearing, the magistrate declared that it was an evidentiary hearing, and that the

magistrate would issue a recommendation and report, for which the parties would have an

additional 14 days in which to object.  28 U.S.C. § 636.

5.     The primary election is now less than four (4) days away, and the plaintiffs will not have

received a decision on their emergency motion for injunctive relief within sufficient time for the

Secretary of State to respond.

6.     Therefore, the plaintiffs move for leave to file an interlocutory appeal of the evidentiary

hearing on September 6, 2024, in so that a decision can be made before the impending election.


                                        Respectfully Submitted,

                                        DAVID TESTERMAN, *N.H. State*
                                        *Representative, Merrimack County*
                                        *District 03*

Dated:  September 6, 2024               By:    /s/ David Testerman
                                        David Testerman, *pro se*
                                        Dave@sanbornhall.net
                                        9 Stone Avenue
                                        Franklin, New Hampshire 03235
                                        (603) 320-9524


                                        KAREN TESTERMAN, *both individually*
                                        *and as former New Hampshire Merrimack*
                                        *County Republican Committee (MCRC)*
                                        *Chair*

Dated:  September 6, 2024               By:    /s/ Karen Testerman
                                        Karen Testerman, *pro se*
                                        karen@karentesterman.com
                                        9 Stone Avenue
                                        Franklin, New Hampshire 03235
                                        (603) 934-7111

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent by electronic means to:

David Scanlan, Respondent
Secretary of State
ATTENTION: Brendan Avery O'Donnell
Election Law Unit Chief
New Hampshire Department of Justice
1 Granite Place, Concord, NH  03301
brendan.a.odonnell@doj.nh.gov
Telephone: 603-271-3658
Direct Dial: 603-271-1269

Chris Ager, Co-Respondent
Chairman, New Hampshire Republican State Committee
ATTENTION: Demetrio F. Aspiras, III, Esq.
Drummond Woodsum
670 N Commercial St, Ste 207
Manchester, NH 03101-1845
603-792-7414
603-716-2899 (fax)
daspiras@dwmlaw.com

Mark V. Franco, Esq.
Drummond Woodsum
84 Marginal Way, Ste 600
Portland, ME 04101
207 772-1941
mfranco@dwmlaw.com

Dated:  September 6, 2024                    /s/ Karen Testerman
                                                     Karen Testerman, *pro se*

**Notice of Electronic Filing**

The following transaction was entered on 9/6/2024 at 12:59 PM EDT and filed on 9/6/2024

| | |
|---|---|
| **Case Name:** | Jorgensen et al v. NH Secretary of State et al |
| **Case Number:** | 1:24−cv−00020−LM−AJ |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Minute Entry for proceedings held before US Magistrate Judge Andrea K Johnstone. EVIDENTIARY HEARING held on 9/6/2024 re: Preliminary Injunction. Report and recommendation to issue. (Court Reporter: Liza Dubois) (Pltfs Atty: Karen Testerman, Pro Se; David Testerman, Pro Se) (Defts Atty: Brendan O'Donnell, Demetrio Aspiras, III)(Total Hearing Time: 1 hr. 5 min.) (kad)**

**1:24−cv−00020−LM−AJ Notice has been electronically mailed to:**

Brendan Avery O'Donnell &nbsp &nbsp brendan.a.odonnell@doj.nh.gov, DOJ−CivilBureaucourts@doj.nh.gov, jill.tekin@doj.nh.gov

Demetrio F. Aspiras , III &nbsp &nbsp daspiras@dwmlaw.com, mgregor@dwmlaw.com, Rkeller@dwmlaw.com

Karen Testerman &nbsp &nbsp karen@karentesterman.com

Mark V. Franco &nbsp &nbsp mfranco@dwmlaw.com, , acarr@dwmlaw.com, mgregor@dwmlaw.com, rkeller@dwmlaw.com

**1:24−cv−00020−LM−AJ Notice, to the extent appropriate, must be delivered conventionally to:**

David Testerman

9 Stone Avenue
Franklin, NH 03235

Nikki McCarter(Terminated)
107 North Main Street
Concord, NH 03301

Patricia Jorgensen(Terminated)
26 Twin Bridge Road
Northfield, NH 03276

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Karen Testerman, et al.

    v.                          Case No. 24-cv-20-LM-AJ

NH Secretary of State, et al.


## REPORT AND RECOMMENDATION

Plaintiffs Karen Testerman and David Testerman[1] sued New Hampshire Secretary of State David Scanlan, the New Hampshire Republican State Committee and its Chairman, Chris Ager, claiming that the defendants, individually and collectively, violated their rights by allowing voters who were previously undeclared or otherwise not affiliated the with the New Hampshire Republican Party vote in the New Hampshire presidential primary in January 2024. See Compl. (Doc. No. 1). They assert that allowing this category of what plaintiff Karen Testerman described as "five-minute Party members" to vote in the Republican primary interferes with their First Amendment right of association with the political party of their choice. Presently before the court is the plaintiffs' Third Emergency

---

[1] Two other plaintiffs, Patricia Jorgensen and Nikki McCarter, voluntarily dismissed their claims and are no longer part of this case. See Feb. 15, 2024, End. Ord. granting motions.

Motion for Injunctive Relief (Doc. No. 40), which has been referred to the undersigned Magistrate Judge for a Report and Recommendation.[2] After reviewing the parties' submissions and conducting oral argument,[3] the court recommends that the district judge deny plaintiffs' motion for injunctive relief.[4]

The plaintiffs seek a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). Pltf. Mot. (Doc. No. 40) at 1. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 24

---

[2] The plaintiffs target their requested relief to the upcoming state primaries. They ask this court to order the Secretary of State to instruct all moderators to mark all ballots issued to registered Undeclared voters and Same-day registered voters with an indelible red inkstamp in the upper right corner of the ballot in order to preserve the ballots for later audit "if found necessary."

[3] The court has also considered the plaintiffs' unopposed exhibits (Doc. No. 52) and the parties agreed-upon facts. Doc. No. 54). In addition, plaintiffs filed a witness affidavit (Doc. No. 58), and submitted proffers regarding testimony they would have elicited from other witnesses identified on their witness list. (Doc. No. 52). The court overruled defendants' objections to the affidavit and proffer, and has considered the evidence in its analysis to the extent it is relevant to the issues in dispute.

[4] The defendants argue that this case is moot, as the January 2024 primaries and candidate selection process have concluded. While the court is sympathetic to this argument, the plaintiffs request for injunctive relief asserts the same legal arguments as the original complaint, but instead targets the upcoming New Hampshire State primary, scheduled to take place on September 10, 2024. In allowing this motion to proceed, the court is giving great deference to plaintiffs' pro se status, and does so without prejudice to the arguments the defendants raise in their respective motions to dismiss.

(2008). To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) that it is likely to suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities weighs in the movant's favor; and (4) that the injunction would serve the public interest. Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 171 (1st Cir. 2015). The movant's likelihood of success on the merits is the "main bearing wall" of the court's analysis.  Ocean State Tactical, LLC v. Rhode Island, 95 F.4th 38, 42 (1st Cir. 2024) , petition for cert. docketed, No. 24-131 (U.S. Aug. 6, 2024) (citing W Holding Co. v. AIG Ins. Co. - Puerto Rico, 748 F.3d 377, 383 (1st Cir. 2014));  see also Norris on behalf of A.M. v. Cape Elizabeth Sch. Dist., 969 F.3d 12, 22 (1st Cir. 2020) ("Likelihood of success on the merits is the most important of the four preliminary injunction factors." ) (cleaned up).

A.  Likelihood of Success on the Merits

On January 23, 2024, the day of the New Hampshire Presidential Primary, Chief Judge McCafferty denied plaintiff's second motion for injunctive relief on two alternative grounds, each applicable to a different construction of the plaintiffs' complaint. (Doc. No. 7). She first noted that each of the three

counts of the complaint[5] specifically allege that the defendants'
actions were depriving the New Hampshire Republican Party
("NHRP") of its First Amendment right of freedom of association,
as opposed to any rights belonging to the individual plaintiffs.
Order (Doc. No. 7) at 2.  Construing the complaint as seeking
relief on behalf of the NHRP, Judge McCafferty found against the
plaintiffs because pro se plaintiffs can only represent
themselves in litigation.  Id. at 2-3.  Alternatively construing
the complaint as being brought only on plaintiffs' own behalf,
Judge McCafferty ruled that the plaintiffs lacked standing to
assert the NHRP's constitutional rights.  Id. at 3. Judge
McCafferty accordingly held that the plaintiffs failed to
establish a likelihood of success on the merits and were
therefore not entitled to injunctive relief.

Even if the court assumes, arguendo, that the plaintiffs
"inferred" that their own rights were being violated, see Pltf.
Proposed Findings and Rulings ("PFR") (Doc. No. 53) at 7 n.2,
they have offered no authority that persuades the court to reach
a conclusion different from Judge McCafferty's.  That is, the
plaintiffs lack standing to pursue these claims, as their
Constitutional rights are not implicated.

---

[5] On August 29, 2024, the court denied Plaintiffs' motion to
amend their complaint. As such, the original complaint (Doc. No.
1), remains the operative document.

As Judge Laplante observed in dismissing plaintiff Karen Testerman's earlier lawsuit challenging the defendants' actions in advance of the 2024 New Hampshire Presidential primary, standing is a Constitutional prerequisite to filing suit in federal court:

> "Under Article III of the Constitution, a plaintiff needs a 'personal stake' in the case." Biden v. Nebraska, 143 S. Ct. 2355, 2365 (2023) (quoting TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021)). More specifically, "the plaintiff must have suffered an injury in fact—a concrete and imminent harm to a legally protected interest, like property or money—that is fairly traceable to the challenged conduct and that is likely to be redressed by the lawsuit." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). In addition to these constitutional considerations, prudential limitations "prevent courts from "adjudicating 'questions of broad social import where no individual rights would be vindicated and … limit access to the federal courts to those litigants best suited to assert a particular claim.' " Conservation Law Found. Of New England, Inc., 950 F.2d 38, 41 (1st Cir. 1991) (alterations in original) (quoting Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 804 (1985)).

Testerman v. NH Sec'y of State, No. 23-CV-499-JL-AJ, 2024 WL 1482751, at *2 (D.N.H. Jan. 9, 2024) (appeal filed, No. 24-1316 (1st Cir. Apr. 3, 2024).[6]

---

[6] At various times during oral argument, plaintiffs described their claims as "vote dilution."  Not only is that claim not contained in plaintiffs' complaint, but Judge Laplante squarely rejected it in the earlier litigation.

In an effort to persuade the court to depart from Judge McCafferty's earlier ruling, the plaintiffs have, over the course of various pleadings in this case, cited to numerous cases which, they assert, support their argument that they have standing to pursue the three First Amendment claims in their complaint.  In short, none of the cases support plaintiffs' position.

For example, plaintiffs cite Rosario v. Rockefeller, 410 U.S. 752 (1973), for the proposition that a state may "require party registration for a reasonable period of time" to thwart so-called "party raiders" (voters who might have had an affiliation with a different party) from voting in a primary election.  Pltf. PFR (Doc. No. 53) at 7-8. That holding, however, does not mandate the exclusion of "party raiders" under the instant plaintiffs' argument that "raiding" impacts the rights of "regular" Party voters.  It simply allows a State to limit the impact of such voters.  Most importantly for the standing inquiry, the plaintiffs in Rosario, unlike the plaintiffs in this case, were completely barred from voting in the Party primary of their choice if they missed a registration deadline.  They alleged that they were deprived of their right to vote and to associate with the party of their choice.  Those plaintiffs' injury, and therefore their standing, is obvious – they were not permitted to vote.  The plaintiffs here are free

to vote in the Republican Party primary if they so choose. Or, they could have changed their affiliation to another party, or unaffiliated entirely and made their decision on primary day. In fact, the only discussion of standing in Rosario undercuts plaintiffs' argument.  In a footnote, the Court noted that a group of plaintiffs who were not subject to the time limitation on party registration lacked standing to assert that the requirement was unconstitutional.  410 U.S. at 759 n.9.

The plaintiffs also rely on Bd. Of Elections v. Lopez Torres, 552 U.S. 196 (2008), a case in which candidates alleged that New York's laws for political parties' nominating candidates for certain elected judges violated their political association rights under the First Amendment. The plaintiffs here cite the case for the proposition that "[a] political party has a First Amendment right to limit its membership as it wishes, and to choose a candidate -selection process that will in its view produce the nominee who best represents its political platform." Pltf. Repl. (Doc. No. 42) at 2.  Reliance on this case is somewhat perplexing, as the assertion of the Party's rights is an unremarkable proposition that does not support plaintiffs' standing to sue. Moreover, Lopez Torres contains no analysis whatsoever of the plaintiffs' standing in that case. Finally, a full and fair reading of the Supreme Court's opinion implicitly undercuts, rather than supports, the

plaintiffs' standing argument, as the Court observed that the plaintiffs were "in no position to rely on the right that the First Amendment confers on political parties to structure their internal party processes and to select the candidate of the party's choosing." 552 U.S. at 203.   So it is here.

Another case plaintiffs cite is Clingman v. Beaver, 544 U.S. 581 (2005), which held that Oklahoma's "semi-closed" primary system – pursuant to which a political party may invite only its own registered members and voters registered as Independents to vote in its primary – did not violate the right to freedom of association of the Oklahoma Libertarian Party or individual Oklahomans registered as Democrats and Republicans. Id. at 584.  As with Lopez Torres, however, Clingman contains no analysis of the plaintiffs' standing.  Moreover, the fact that a state can prevent members of other parties from voting in a party's primaries, does not mean that it is required to do so. See id. at 588 ("The question is whether the Constitution requires that voters who are registered in other parties be allowed to vote in the [Libertarian Party]'s primary."). Unlike the plaintiffs in Clingman, the plaintiffs in this case are not being prevented from voting in the primary of their choice. Thus, while Clingman did not address standing, the two sets of plaintiffs are not valid comparators.

In further support of their motion for injunctive relief, the plaintiffs also rely on a list of cases they cited in their objection to this court's recommended denial of their motion to amend. (Doc. No. 47).  As Judge McCafferty found, however, these cases do not support plaintiff's standing in this case. See Aug. 29, 2024 Order ("The cases cited by the plaintiffs in their objection do not support their argument that they have standing to assert the claims in the proposed amended complaint.").

The plaintiffs make the blanket assertion that "a single voter, or group of voters" can have standing to challenge an infringement of their associational rights. Pltf. Obj. (Doc. No. 47) ¶ 8. But that observation, while correct, does not address the shortcoming in the plaintiffs' claim of standing in this case, or the court's analysis, which is unrelated to the number of plaintiffs. For example, in Bullock v. Carter, 405 U.S. 134 (1972), the plaintiffs were three political candidates who could not run in a primary election because they could not afford a filing fee. And in Burdick v. Takushi, 504 U.S. 428 (1992), the plaintiff was a single voter who was prohibited by state law from submitting a write-in vote for a candidate not on the ballot. Id. at 430-31.  Although standing was not a litigated issue in Burdick, the plaintiff, unlike the plaintiffs in this case, was alleging that he was unable to vote for the candidate of his choice.  Thus, his standing was clear. And finally, a

cited case from this District is another example of the plaintiffs' reliance on inapposite cases. In Young v. Gardner, 497 F. Supp. 396 (D.N.H. 1980), two New Hampshire voters challenged certain New Hampshire election provisions which impacted their ability to change their party registration. Id. at 398. While standing was not a litigated issue, the plaintiffs in Young were the individuals whose rights were allegedly affected, as they were not permitted to change their registration. Once again, this contrasts with the present plaintiffs, whose ability to register and cast votes in the primary and for the candidates of their choice are unaffected by the defendants' alleged actions.

The plaintiffs have provided no evidence to indicate that their right to affiliate with the party of their choice and vote accordingly has been impaired. They concede that they remain Republican Party voters eligible to vote in the primary.[7] They have provided the court with no persuasive authority that they have Article III standing to prevent other voters from casting votes in the Republican primary, even if, as plaintiffs argue, undeclared voters are treated differently than those who

---

[7] Rather, it appears that it is the plaintiffs who seek to prevent other voters from affiliating with the party of their choice.

plaintiffs believe are more "committed" to the Republican Party.[8] As such, they have failed to demonstrate that they have standing to sue, and accordingly, they have failed to demonstrate a likelihood of success on the merits.

Although continuing further would be "matters of idle curiosity" in the absence of a likelihood of merits success, New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002), the court addresses the three remaining injunction factors both as a matter of completeness and in deference to plaintiffs' pro se status.[9]

## B. Irreparable Harm

To the extent that the plaintiffs claim irreparable harm from being forced to "associate" with voters who, they maintain, should not be allowed to vote in the Republican primary, New Hampshire law provides them with a remedy. Pursuant to N.H. Rev. Stat. Ann. § 659:29:

> Any voter at any state or presidential primary election may challenge any other voter offering to declare himself as a member of a party or to vote the ballot of a party. Such challenged voter shall not be

---

[8] The court notes that the plaintiffs' complaint does not contain a claim for violation of their equal protection rights, though they attempted to assert on in their unsuccessful motion to amend.

[9] Among other arguments, defendant Scanlan also argues that the Eleventh Amendment prevents this court from ordering a state official to follow state law. The court declines to address this Constitutional issue, in light of the plaintiff's lack of Article III standing.

> allowed to so declare or so vote until he makes an
> oath or affirmation that he affiliates with and
> generally supports the candidates of the party.

The plaintiffs, in the absence of injunctive relief can address

their claimed injuries by invoking this provision of New

Hampshire law.[10]

C.  Balance of Harms and Public Interest

These two factors overlap in this case.  The plaintiffs'

requested relief is to have the ballots of certain voters marked

and sequestered for some unstated period of time until this case

is finally resolved. Plaintiffs assert that these voters are

engaging in fraud and illegal election manipulation by "party-

raiding."  However, plaintiffs offer nothing more than

speculation as to those voters' motives for voting in a

particular primary.  Moreover, the voter would have no

opportunity to challenge the marking and sequestration of their

ballot.  Such a result is arguably more harmful to these voters

considering that the potential failure to count their votes is

based only on plaintiffs' speculation as to their motives.

Accordingly both the balance of harms and public interest

inquiries weigh against the plaintiffs. In the end, the court

resolves all four injunction factors against plaintiffs.

---

[10] At oral argument, plaintiff Karen Testerman acknowledged
this remedy but asserted that effecting such challenges across
New Hampshire's hundreds of voting locations would be
logistically difficult.

**Conclusion**

Based on the foregoing, the district judge should deny plaintiffs' third emergency motion for injunctive relief. (Doc. No. 40). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

September 6, 2024

cc:  David Testerman, pro se
     Karen Testerman, pro se
     Counsel of Record