# U.S. District Court
# District of New Hampshire (Concord)
# CIVIL DOCKET FOR CASE #: 1:24−cv−00020−LM−AJ

| | |
|---|---|
| Jorgensen et al v. NH Secretary of State et al | Date Filed: 01/22/2024 |
| Assigned to: Chief Judge Landya B. McCafferty | Jury Demand: None |
| Referred to: US Magistrate Judge Andrea K Johnstone | Nature of Suit: 441 Civil Rights: Voting |
| Cause: 28:1983 Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

**Patricia Jorgensen**  represented by **Patricia Jorgensen**
*individually and as Vice−Chair of the* 26 Twin Bridge Road
*Merrimack County Republican* Northfield, NH 03276
*Committee (MCRC)* 774 218−5707
*TERMINATED: 02/15/2024* PRO SE

**Plaintiff**

**David Testerman**  represented by **David Testerman**
*NH State Representative, Merrimack* 9 Stone Avenue
*County District 03* Franklin, NH 03235
603 320−9524
PRO SE

**Plaintiff**

**Nikki McCarter**  represented by **Nikki McCarter**
*NH State Representative, Belknap County* 107 North Main Street
*District 08* Concord, NH 03301
*TERMINATED: 02/15/2024* 603 303−8934
PRO SE

**Plaintiff**

**Karen Testerman**  represented by **Karen Testerman**
*individually and as Chair of NH* 9 Stone Avenue
*Merrimack County Republican* Franklin, NH 03235
*Committee (MCRC)* 603 934−7111
Email: karen@karentesterman.com
PRO SE

V.

**Defendant**

**NH Secretary of State**  represented by **Brendan Avery O'Donnell**
*other* NH Department of Justice (Concord)
David Scanlan 33 Capitol St
Concord, NH 03301
603−271−3650
Fax: 603−271−2110

Email: brendan.a.odonnell@doj.nh.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**NH Republican State Committee**　　　represented by　**Bryan K. Gould**
*other*　　　　　　　　　　　　　　　　　　　　　　　　　Cleveland Waters & Bass PA
Chris Ager　　　　　　　　　　　　　　　　　　　　　　Two Capital Plaza
　　　　　　　　　　　　　　　　　　　　　　　　　　　　PO Box 1137
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Concord, NH 03302–1137
　　　　　　　　　　　　　　　　　　　　　　　　　　　　603 224–7761
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: gouldb@cwbpa.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*TERMINATED: 04/18/2024*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Demetrio F. Aspiras , III**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Drummond Woodsum
　　　　　　　　　　　　　　　　　　　　　　　　　　　　670 N Commercial St, Ste 207
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Manchester, NH 03101–1845
　　　　　　　　　　　　　　　　　　　　　　　　　　　　603–792–7414
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 603–716–2899
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: daspiras@dwmlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Jacob Rhodes**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Cleveland Waters & Bass PA
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Two Capital Plaza
　　　　　　　　　　　　　　　　　　　　　　　　　　　　PO Box 1137
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Concord, NH 03302–1137
　　　　　　　　　　　　　　　　　　　　　　　　　　　　603–224–7761
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: rhodesj@cwbpa.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*TERMINATED: 04/18/2024*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Mark V. Franco**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Drummond Woodsum
　　　　　　　　　　　　　　　　　　　　　　　　　　　　84 Marginal Way, Ste 600
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Portland, ME 04101
　　　　　　　　　　　　　　　　　　　　　　　　　　　　207 772–1941
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Email: mfranco@dwmlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/09/2024 | 64 | **ORDER re: 60 EMERGENCY MOTION AND APPLICATION FOR LEAVE TO BRING AN INTERLOCUTORY APPEAL OF THIS COURT'S EVIDENTIARY HEARING DATED SEPTEMBER 6, 2024. Doc. no. 60 is denied. The relief requested in doc. no. 60 is an interlocutory appeal of an evidentiary hearing. An evidentiary hearing may not be appealed pursuant to § 1292. Even liberally construing doc. no. 60 as a request for leave to appeal Judge Johnstone's report and recommendation, doc. no. 60 must still be denied, as Judge Johnstone's report merely recommends what order the court should issue with respect to plaintiffs' third motion for emergency injunctive relief. Judge Johnstone's report and recommendation does not itself constitute an order on plaintiffs' motion. See** |

| | | |
|---|---|---|
| | | **28 U.S.C. § 636(b)(1)(B). Therefore, the report and recommendation is not an appealable interlocutory order. So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 09/09/2024) |
| 09/09/2024 | <u>65</u> | Clerk's Supplemental Certificate transmitted to US Court of Appeals re <u>60</u> Notice of Interlocutory Appeal with document numbered 64.(de) (Entered: 09/09/2024) |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Jorgensen et al.

    v.                                                      No. 24-cv-20-LM-AJ

NH Secretary of State et al.

SUPPLEMENTAL CLERK'S CERTIFICATE TO
CIRCUIT COURT OF APPEALS

I, Donna Esposito, Deputy Clerk of the United States District Court for the District of New Hampshire, do hereby certify that the following documents constitute the supplemental record on appeal to the First Circuit Court of Appeals:

DOCUMENTS NUMBERED: 64

The Clerk's Office hereby certifies the record and docket sheet available through ECF to be the certified record and the certified copy of the docket entries.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Court, at Concord, in said District, on this day, September 9, 2024

FCP KGN'L0N[ P EJ , Clerk

By: /s/ Donna Esposito, Deputy Clerk
Sep 09, 2024

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Karen Testerman, et al.

    v.                                  Civil No. 24-cv-20-LM-AJ

NH Secretary of State, et al.

**O R D E R**

Two individually named, pro se plaintiffs sue the New Hampshire Secretary of State ("the Secretary") and the Chair of the New Hampshire Republican State Committee ("the Chair"), alleging that the defendants violated the First Amendment by allowing undeclared voters to vote in the Republican Presidential Primary in January 2024.[1] The court has previously denied two motions for "emergency" injunctive relief filed by the plaintiffs. See doc. nos. 4, 7. On July 19, 2024, plaintiffs filed "Petitioners' Third Emergency Motion for Injunctive Relief." Doc. no. 40. This motion relates to the primary election scheduled to occur on September 10, 2024.

The undersigned referred plaintiffs' motion to Magistrate Judge Johnstone for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B). Judge Johnstone held an evidentiary hearing on plaintiffs' motion on September 6, 2024. At the

---

[1] These plaintiffs brought materially similar claims against these same defendants in a previous action. See Testerman v. NH Sec'y of State, Civ. No. 23-cv-499-JL-AJ, 2024 WL 1482751 (D.N.H. Jan. 9, 2024), appeal pending sub nom. Briggs v. Scanlan, No. 24-1316 (1st Cir. 2024).

hearing, Judge Johnstone informed the parties that she anticipated issuing a report and recommendation shortly after the hearing. She also informed the parties that, although the law allowed fourteen days in which to object to her report and recommendation, there is no requirement that the parties wait fourteen days before filing their objection. That same day, Judge Johnstone issued a report recommending that the court deny plaintiffs' third emergency motion for injunctive relief. Doc. no. 61.

Also on September 6—and after the evidentiary hearing but prior to issuance of Judge Johnstone's report and recommendation—plaintiffs filed a document entitled "Emergency Motion and Application For Leave to Bring an Interlocutory Appeal of This Court's Evidentiary Hearing Dated September 6, 2024." Doc. no. 60. Plaintiffs seek "leave to file an interlocutory appeal of the evidentiary hearing on September 6, 2024, . . . so that a decision can be made before the impending election." Id. at 2. Plaintiffs seek leave to take an interlocutory appeal pursuant to 28 U.S.C. 1292(b), which allows a district court judge to certify for appeal an otherwise non-appealable interlocutory order when the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Doc. no. 60 is denied. The relief requested in doc. no. 60 is an interlocutory appeal of an evidentiary hearing. An evidentiary hearing may not be appealed pursuant to § 1292. Even liberally construing doc. no. 60 as a request for leave to

appeal Judge Johnstone's report and recommendation, doc. no. 60 must still be denied, as Judge Johnstone's report merely recommends what order the court should issue with respect to plaintiffs' third motion for emergency injunctive relief. Judge Johnstone's report and recommendation does not itself constitute an order on plaintiffs' motion. See 28 U.S.C. § 636(b)(1)(B). Therefore, the report and recommendation is not an appealable interlocutory order. See Asamoah v. Capstone Logistics, LLC, No. 21-3927, 2021 WL 6428179, at *1 (6th Cir. Dec. 3, 2021). Once this court issues an order accepting, rejecting, or modifying, in whole or in part, Judge Johnstone's report and recommendation, one or more parties may seek to take an interlocutory appeal of that order pursuant to § 1292(a)(1). See 28 U.S.C. § 1292(a)(1) (providing that the court of appeals has jurisdiction over "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing, or dissolving injunctions").

For these reasons, doc. no. 60 is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 9, 2024

cc:   David Testerman, pro se
      Karen Testerman, pro se
      Counsel of Record