# UNITED STATES COURT OF APPEALS

# FOR THE FIRST CIRCUIT

———————

No. 24-1819

Karen Testerman, David Testerman

*Plaintiffs-Appellants*

v.

DAVID M. SCANLAN, in his official capacity as

New Hampshire Secretary of State

*Defendant-Appellee*

## DEFENDANT-APPELLEE'S
## MOTION FOR SUMMARY DISPOSITION

Defendant-Appellee New Hampshire Secretary of State David M. Scanlan (the "Secretary of State"), moves for summary disposition of the Plaintiffs' interlocutory appeal for lack of jurisdiction. See 1st Cir. R. 27.0(c).

I. **Brief Procedural Background**:

A. Plaintiffs' present interlocutory appeal (Docket 24-1819):

1. The Plaintiffs sued the Secretary of State and the New Hampshire Republican State Committee and its Chairman, Chris Ager, claiming

that the Defendants violated the Plaintiffs' rights by allowing voters who were previously undeclared or otherwise not previously affiliated with the New Hampshire Republican Party to vote in the New Hampshire presidential primary in January 2024 and the state primary in September 2024. See ECF Doc. 1.

2. The Defendants moved to dismiss, arguing as relevant here that the Plaintiffs lacked standing to pursue their claims. See ECF Doc. 49.

3. On September 6, 2024, the magistrate judge held an evidentiary hearing on the Plaintiffs' third request for a preliminary injunction. See ECF 64, at 1.

4. On September 6, 2024, after the preliminary injunction hearing, the Plaintiffs filed a document titled "Emergency Motion and Application for Leave to Bring an Interlocutory Appeal of this Court's Evidentiary Hearing Dated September 6, 2024," in which the Plaintiffs sought "leave to file an interlocutory appeal of the evidentiary hearing on September 6, 2024." See ECF Doc. 60, at 1-2.

5. At the time the Plaintiffs filed their request for an interlocutory appeal, the magistrate judge had not issued a report and recommendation. See ECF Doc. 61 (magistrate judge's subsequent

report and recommendation that the Plaintiffs' request for injunctive relief be denied). Nor had the district court judge ruled on the Plaintiffs' request for preliminary injunctive relief. See ECF Doc. 72 (district judge's order approving the report and recommendation and denying the Plaintiffs' third request for injunctive relief).

6. On September 9, 2024, the district court judge denied the Plaintiffs' request for an interlocutory appeal. See ECF Doc. 64.

   B. The First Circuit's Order to Show Cause:

7. On September 20, 2024, this Court ordered the Plaintiffs to move for voluntary dismissal of this appeal or to show cause why this appeal should not be dismissed for lack of jurisdiction.

8. On October 30, 2024, the Plaintiffs filed a response to the Court's show cause order. The Plaintiffs primarily argued that the district court should have ruled that the Plaintiffs had Article III standing to pursue their claims. However, the Plaintiffs did not address the basis for the show cause order—whether this Court has jurisdiction to hear the Plaintiffs' interlocutory appeal.

## II. The Plaintiff's interlocutory appeal should be summarily dismissed for lack of jurisdiction.

9. This Court may grant a motion for summary disposition and dismiss an appeal if the court lacks jurisdiction over the appeal. See 1st Cir. R. 27.0(c).

10. 28 U.S.C. §1291 grants this Court jurisdiction over appeals from "all final decisions" of the district court. 28 U.S.C. §1291(a) further grants this Court jurisdiction over appeals from certain interlocutory orders, including from interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions."

11. The Plaintiffs did not bring their present interlocutory appeal from a final decision of the district court or from an order refusing to grant an injunction. Rather, the Plaintiffs sought "leave to file an interlocutory appeal of the evidentiary hearing on September 6, 2024." See ECF Doc. 60, at 2.

12. As this Court explained in its show cause order, 28 U.S.C. §1291(a) does not grant this Court jurisdiction to hear an interlocutory appeal on this basis. See also ECF Doc. 64 (explaining that, even if the Plaintiffs' intent was to appeal the magistrate judge's September 6

4

report and recommendation, that report and recommendation would not be an appealable interlocutory order).

13. Nor did the Plaintiffs provide any reason in their response to the show cause order for why this interlocutory appeal should be dismissed for lack of jurisdiction.

14. Accordingly, the Secretary of State requests that this Court summarily dismiss the Plaintiffs' improper interlocutory appeal.

WHEREFORE, Defendant-Appellee New Hampshire Secretary of State David M. Scanlan respectfully requests that this Honorable Court:

A. Summarily dismiss the Plaintiffs' interlocutory appeal for lack of jurisdiction.

Respectfully submitted,

DAVID M. SCANLAN,
New Hampshire Secretary of State

By his attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

November 15, 2024

/s/ *Brendan A. O'Donnell*
Brendan A. O'Donnell, No. 1210025
Assistant Attorney General
1 Granite Place South

Concord, NH 03301
(603) 271-3658
Brendan.a.odonnell@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via the Court ECF system to all registered participants.

November 15, 2024          /s/ *Brendan O'Donnell*
                           Brendan A. O'Donnell, No. 1210025
                           Assistant Attorney General
                           1 Granite Place South
                           Concord, NH 03301
                           (603) 271-3658
                           Brendan.a.odonnell@doj.nh.gov